ALLEN v. KNIGHT'S ISLAND CONSOL. COPPER CO.

(Third Division.    Valdez.    December, 1909.)

No. 393.

1. MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—FELLOW SERVANTS.

Plaintiff was an engineer employed by one William Jane, the superintendent of defendant corporation, upon a gasoline launch. Plaintiff and Jane were engaged in fixing certain pipes in close proximity to the gasoline tanks on the launch, using a lighted candle in the work. Plaintiff's hands were both engaged with the work, and seeking to put out the flame he kicked the candle from under the gasoline tanks and requested Jane to blow it out. Instead of doing that Jane set the lighted candle at some point on the bow of the vessel, and an explosion of the gasoline tanks followed, whereby the plaintiff was burned about the face, arms, and body. Plaintiff brought suit against defendant corporation, the employer of plaintiff and Jane for damages. On demurrer to the complaint, *held* the defendant was not at fault, and that Jane's failure to blow out the candle was the act of a fellow servant, for which the defendant was not liable. Demurrer sustained.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 190.*]

2. MASTER AND SERVANT (§§ 101, 102, 141, 170*)—DUTY OF MASTER— SAFE APPLIANCES—COMPETENCY OF EMPLOYÉS.

The following duty devolved upon the master to provide his servants and employés (1) a reasonably safe place to work in, having reference to the character of the employment in which the servant is engaged; (2) reasonably safe tools, appliances, and machinery for the accomplishment of the work necessary to be done; (3) to exercise proper diligence in the employment of reasonably safe and competent men to perform their respective duties; (4) the adoption and enforcement of proper rules for the conduct of the business. If the master be neglectful in any

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

of these matters, and an employé suffers damages, the master is liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171–184, 192, 283, 336; Dec. Dig. §§ 101, 102, 141, 170.*]

The defendant is a corporation organized under the laws of the state of Washington, and doing business in the territory of Alaska; i. e., mining at Drier Bay, Knight's Island. On the 20th day of April, 1909, one William Jane was employed, and was at the time acting, as the agent and superintendent of the defendant company at Drier Bay, on which date the said Jane hired and employed the plaintiff to act as engineer of the gasoline launch Union, used by the defendant company in and about its work on Drier Bay. On said 20th day of April, 1909, while acting as said engineer on the launch, the plaintiff was fixing certain pipes under the gasoline tanks in the bow of said launch, and was using a lighted candle, which it was necessary for him to have in order to fix said pipes, which pipes were out of order and needed repairing and fixing. At a certain point in said work, as a matter of safety, the plaintiff, who had both hands necessarily engaged and occupied holding a wrench fastened upon a nut in each hand, and who was for said reasons unable to put out the said candle, kicked the same out from under said tanks where he was working, and at the same time called in a loud tone of voice to said Jane to blow out said candle, as it was dangerous to allow it to continue burning. At the time Jane was within a few feet of plaintiff, and heard plaintiff tell him to blow out the said candle; but said Jane carelessly and negligently refused to blow out the said candle, and setting it, still lighted, at some point in the bow of said launch, caused an explosion of the fumes of the gasoline, whereby plaintiff was severely burned about the face, arms, and body.

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

Further plaintiff alleges that he was without fault in said matter; that he was engaged in said work of repair, and was unable to see the said candle, and did not know that it was still lighted, and relied upon the said Jane to extinguish the same; that said injuries to plaintiff were caused by the carelessness and negligence of the defendant, by and through its superintendent and duly authorized agent, and not otherwise; that the said superintendent, Jane, stood in the relation of vice principal towards plaintiff in said employment, and said superintendent, Jane, was fully authorized to look after and care for all of the property of said defendant at said Drier Bay, and to have fixed and repaired the said gasoline launch, to run and operate it, and to employ an engineer or engineers and to hire and discharge help; and that said injuries were caused to happen by and through the negligence and carelessness of said defendant, by and through its said agent and superintendent, while he and plaintiff were both acting in the usual, ordinary, and necessary course and scope of their employment by the defendant. Plaintiff demands judgment against defendant in the sum of $10,164, and for his costs and disbursements. To this complaint, the defendant filed its demurrer.

Brown & Lyons, for plaintiff.
Ostrander, Donohoe & Murray, for defendant.

OVERFIELD, District Judge. Considering the facts set out at length in this complaint in their most enlightened and favorable point of view, we find the plaintiff and Jane fellow servants, engaged in a common undertaking, on the 20th day of April, 1909. While so engaged in the common undertaking of repairing pipes below a gasoline tank on the launch, the plaintiff, in the usual ordinary and necessary scope of his employment, used a lighted, open candle, which he evidently had setting at some convenient reach, at least of his feet, and for some reason desired to remove it. To do so he deliberately

kicked the same out from under the tank, calling upon Jane in a loud tone of voice, to extinguish the same. The reason assigned by the plaintiff for not himself handing the candle to Jane or blowing it out was that his hands were engaged in holding a wrench on a nut. The plaintiff at that time knew the danger of continuing work with the candle lighted, and he so notified Jane.

The plaintiff would then invoke an alleged rule of law, which, upon the facts set out, would hold the defendant company in damages for the resultant injury, on the principle that the injury resulted from the negligence of Jane, and that Jane stands in the relation of vice principal to defendant. The case presents for careful consideration the application of what may be said to be well-settled rules of law to the facts conceded by the demurrer and as alleged in the complaint.

The difficulty consists in the application to the particular facts of each case of the rules of the law of fellow servants and master and servant, now well defined by the courts. I do not consider it necessary to revert in detail or at length to the history of the law of fellow servant as it was announced in the case of Murray v. S. C. R. R. Co. (1841) 1 McMul. (S. C.) 385, 36 Am. Dec. 268, in the United States, and in the case of Hutchinson v. York Ry. Co., 5 Exch. Rep. 343, in England, nor to the modification of the law of fellow servants since the decision of the Supreme Court of the United States in the case of Railway Co. v. Ross, 112 U. S. 383, 5 Sup. Ct. 184, 28 L. Ed. 787, as announced by Mr. Justice Field in 1884. It is sufficient, I apprehend, to state what is the law now, and apply to it the facts of the case now under consideration.

Without quoting the United States Supreme Court decisions leading up to and embodying the present law of fellow servant, they may be said to have clearly reached the following conclusions, which control this court: That the following duties devolve upon the master with respect to his servants and em-

ployés: (1) To provide a reasonably safe place to work in, having reference to the character of the employment in which the servant is engaged; (2) reasonably safe tools, appliances, and machinery for the accomplishment of the work necessary to be done; (3) to exercise proper diligence in the employment of reasonably safe and competent men to perform their respective duties; (4) the adoption and enforcement of proper rules for the conduct of the business. If the master be neglectful in any of these matters, and an employé suffer damages, the master is liable.

Reverting again to the facts of the case, do we find the defendant company derelict in any of the duties hereinabove enunciated, either in providing the proper tools and machinery or in the selection of its employés? It is apparent that no fault existed as to the provision of tools by the defendant company for the use of the plaintiff and Jane. Nor is there an allegation of the incompetency of the agent or coemployé, Jane, except that in the one particular he refused or failed, upon the order or request of plaintiff, to blow out the candle kicked from under the gasoline tank by plaintiff. Can we, on these existing facts, hold that the defendant company failed in one of its positive duties to provide reasonably safe and competent men to perform their respective duties? If so, the demurrer must be overruled.

The plaintiff was employed as an engineer, and with Jane working at the time as a colaborer. It is reasonable to assume that the plaintiff was particularly qualified to know, and did know, the risks of his employment, and especially in the hazardous work of attempting to repair pipes under a gasoline tank on a launch by the aid of a light produced by a candle. That the plaintiff did anticipate all the dangers to be encountered up to the time he removed the lighted candle by kicking it away is effectually stated in his complaint, when he alleges

that both he and Jane were acting in the usual, ordinary, and necessary course and scope of their employment.

Passing for the moment the consideration of any delict of the plaintiff which might constitute contributory negligence, the point then remains for final decision of the case whether the act of Jane in failing or refusing to extinguish the candle kicked from under the gasoline tank was the negligence of Jane in a duty obligated on the defendant company. Jane admittedly was acting in conjunction with the plaintiff in the work, for the time being, just as any fellow servant would, although he was an agent of the defendant, empowered to hire and discharge the plaintiff. Everything was provided for the work in the usual and ordinary way, as to the place to work, appliances, and laborers. We must assume Jane to have been a reasonably safe and competent man to perform the work they were engaged in, in the absence of anything to the contrary appearing in either showing knowledge on the part of the defendant company of the incompetency of Jane or reasonable cause why the company should have known of his inability or failure to fill the position assigned him by his company. Such allegations or facts do not appear in this matter. It therefore follows that the defendant failed not in any of the duties devolving upon the master. Jane's delict, if such it was, can be attributed only to him as a fellow servant, a delict the company could have in no way anticipated or provided against. The plaintiff must necessarily have assumed by reason of his employment, the very thing done by Jane. It is one of the weaknesses of human nature which no corporation or body can control or prevent.

The decisions have placed the responsibility for the negligence of colaborers upon themselves,. after having held the master accountable, in the wisdom of years of experience and observation, for the positive duties hereinbefore outlined. This decision has been reached upon the assumption that the plain-

tiff was in no way guilty of contributory negligence, an assumption which the facts of the case, by even a casual reading, will not authorize, and a discussion of which is not necessary to the decision herein reached.

Demurrer sustained.